UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELVIN JOHNSON,

                      Plaintiff,

    -vs-                            **No. 1:16-CV-00419 (MAT)**
                                           **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

---

## I. Introduction

Represented by counsel, Kelvin Johnson ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benfits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in November 2012, plaintiff (d/o/b May 20, 1962) applied for DIB and SSI, alleging disability as of May 30, 2008. After his applications were denied, plaintiff requested a hearing, which was held before administrative law judge David Lewandowski ("the ALJ") on June 11, 2014. The ALJ issued an unfavorable decision on October 10, 2014. The Appeals Council

denied review of the ALJ's decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2010. At step one of the five-step sequential evaluation process, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since May 30, 2008, the amended alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: prostatectomy with resulting incontinence; right elbow cubital tunnel syndrome status-post surgical release; post-traumatic stress disorder; depressive disorder; anxiety disorder; and pain disorder. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), "except that he [could] frequently reach with his right upper extremity"; he "require[d] up to two unscheduled bathroom breaks, each up to five minutes in duration"; he could "understand, remember and carry out simple instructions and perform simple tasks"; and he could "interact occasionally with his co-workers and supervisors, and [could not] interact with the general public." T. 36. At step four,

2

the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy which plaintiff could perform.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff's sole contention is that the ALJ's assessment of plaintiff's cubital tunnel syndrome, and finding that he could frequently reach overhead with his right arm, was not based on substantial evidence. Plaintiff argues that because the consulting examining opinion of Dr. Hongbiao Liu, who examined plaintiff at the request of the state agency, was issued on February 13, 2013, but plaintiff did not develop cubital tunnel symptoms until later in 2013, Dr. Liu's opinion was stale by the time the ALJ rendered his decision on October 10, 2014. Plaintiff contends that the ALJ's conclusion that plaintiff could frequently reach with his right upper extremity was based impermissibly on the ALJ's own lay judgment.

The record reveals that Dr. Hongbiao Liu opined that plaintiff had "mild limitation for prolonged walking, bending, kneeling, and overhead reaching." T. 543. When Dr. Liu examined plaintiff, he demonstrated full grip strength, with hand and finger dexterity intact, and no abnormalities of the upper extremities. Plaintiff later reported symptoms of cubital tunnel syndrome, for which he underwent right elbow ulnar release surgery on February 12, 2014. When plaintiff first reported symptoms related to cubital tunnel, he stated that the "symptoms [had] been present for at least about 2 years." T. 23. However, as the ALJ correctly noted, plaintiff had not reported such symptoms to Dr. Liu in the course of her examination. Following his surgery, plaintiff's orthopedic surgeon Dr. David Nichols noted that plaintiff's "ulnar nerve was now free to move anteriorly on the elbow flexion" and plaintiff "tolerated the procedure well." T. 595.

On February 26, 2014, plaintiff reported to Dr. Nichols that "he [had] almost no numbness in his hand at [that] point and his paresthesias [had] disappeared," he "[felt] much better overall" and was "working on flexibility exercises for the right elbow." T. 590. On March 21, 2014, plaintiff reported that he had pain in his right elbow. On physical examination, plaintiff's elbow was well-healed but he reported tenderness and decreased sensation. On April 18, 2014, however, plaintiff was "much improved over his last visit." T. 586. "His elbow pain [had] almost completely resolved" and although he "still [had] some residual stiffness in extension[,] his numbness [was] also almost completely resolved."

4

Id. Also on April 28, 2014, Dr. Nichols wrote a letter stating that plaintiff "underwent surgery to decompress the ulnar nerve at the elbow and [was] currently recovering and rehabilitating from his surgery," and that "his rehabilitation will take 2 or 3 months from now." T. 585.

The ALJ fully considered the evidence regarding plaintiff's cubital tunnel syndrome, including evidence that the condition improved following surgery. Based on the medical record, the ALJ reasonably concluded that "[t]he longitudinal record [was] at odds with [plaintiff's] allegations that he [could] only lift one pound with the right arm." T. 38. Although plaintiff was not officially diagnosed with cubital tunnel syndrome prior to Dr. Liu's examination, he later stated that the symptoms had been present for at least two years, and he reported symptoms of cubital tunnel in a function report completed in connection with his applications. Thus, the record makes clear that plaintiff's symptoms had manifested prior to his examination by Dr. Liu, but he was found at that examination to have full grip strength and dexterity as noted above and only "mild" limitations with regard to reaching. Moreover, plaintiff has not shown that his cubital tunnel syndrome resulted in limitations that could be expected to last for at least 12 months. See 42 U.S.C. § 423(d)(1)(A). Instead, his medical record indicates that his condition continued to improve following surgery, and Dr. Nichols expected him to be rehabilitated within two to three months of April 18, 2014.

5

Dr. Nichols' April 18, 2014 letter and accompanying treatment notes, as well as Dr. Liu's consulting examination, thus provided substantial evidence for the ALJ's RFC determination as to limitations stemming from cubital tunnel syndrome. See, e.g., Alvarez v. Colvin, 2016 WL 5791205, *9 (W.D.N.Y. Sept. 30, 2016) (noting that ALJ properly considered statements of physicians contained in treatment notes although they were not formal medical opinions). "[I]t is the province of the ALJ to make the RFC determination," and the Court finds that substantial evidence supports the RFC determination in this case. Roehm v. Comm'r of Soc. Sec., 2011 WL 6318364, *6 (N.D.N.Y. Nov. 28, 2011), report and recommendation adopted, 2011 WL 6326105 (N.D.N.Y. Dec. 16, 2011) (citing 20 C.F.R. § 416.946(c) (at the hearing level, it is the ALJ's responsibility to assess RFC); Aldrich v. Astrue, 2009 WL 3165726, *9 (N.D.N.Y. Sept. 28, 2009) (the determination of a claimant's RFC is based on all relevant medical evidence and is reserved solely for the ALJ)).

**V. Conclusion**

For the foregoing reasons, and based upon substantial evidence in the record, plaintiff's motion for judgment on the pleadings (Doc. 10) is denied and the Commissioner's motion (Doc. 12) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                              **S/Michael A. Telesca**
                              HON. MICHAEL A. TELESCA
                              United States District Judge

Dated:    May 18, 2017
           Rochester, New York